IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| Richard S. Mote, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-1191 |
| ) | |
| Federal Bureau of Investigation, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on Defendant FBI's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons below, the Court recommends the motion be granted.

**Background and Allegations**

On November 16, 2005, Plaintiff filed a pro se Complaint in federal district court for injunctive relief against the Federal Bureau of Investigation ("FBI") and the Bloomington Police Department. (*Mote v. FBI*, 05-CV-1347)(C.D. Ill., Judge Mihm)("2005 case"). In his 2005 case, Plaintiff alleged that Defendants had harassed him and falsely accused him of agreeing to be an informant. (Complaint in 2005 case, ¶ 8). Plaintiff

sought an injunction to stop the harassment and false accusations, asserting that he has not and is not willing to act as an informant. *Id.* at ¶ 10.

On January 25, 2006, this Court recommended dismissal of Plaintiff's 2005 case, stating:

> By Text Order mailed to the pro se Plaintiff at his last known address, the pro se Plaintiff was directed to file his response on or before January 20, 2006 or risk dismissal for want of prosecution. To date, the pro se Plaintiff has failed to respond to the Court's order. Wherefore, the Court recommends dismissal of the Complaint against the Federal Bureau of Investigation on that basis alone.
>
> Turning to the merits, the Court agrees with the points of law and memorandum submitted by the Federal Bureau of Investigation [6]. The Court firmly believes that under *Rizzo v. Goode*, 423 U.S. 362, 367 (1976), and its progeny, pro se Plaintiff's claim does not meet the standards for equitable relief. Furthermore, the Court agrees with the Federal Bureau of Investigation wherein it argues that pro se Plaintiff's request for an injunction against Federal Bureau of Investigation "harassment" is vague.

(1/25/06 Report & Recommendation in 2005 case). Plaintiff did not object and the District Court then dismissed the FBI for Plaintiff's lack of prosecution. (2005 ca, d/e 11). The Bloomington Police were later dismissed for lack of prosecution and the case was closed on April 24, 2006. (2005 case, d/e 13).

Plaintiff filed his pro se Complaint in this case on July 12, 2007. Plaintiff again alleges that the FBI has made false accusations against him. Specifically, he alleges that the FBI has falsely accused him of: 1) agreeing to enter the witness protection program and testify against the Italian mafia; 2) "snitching" on several individuals, apparently individuals interested in Marxist or Socialist ideology; and 3) agreeing to be an informant for the FBA, DEA and local police. (Complaint, Statement of Claim, ¶¶ 4, 8, 9, 10). He alleges that the FBI is trying to force him to act as an informant and is taking advantage of his medical condition. (Complaint, Relief Requested). In his response to the motion to dismiss, Plaintiff also asserts that the FBI violated his right to free speech and freedom of the press by preventing him from working in Chicago and Seattle. (d/e 9). Plaintiff seeks an injunction against the FBI "to prevent the FBI from saying I am a[n] informant for the FBI, DEA, or local police." (Complaint, Relief Requested).

## Analysis

The FBI moves for dismissal under Fed. R. Civ. P. 12(b)(6), for failure to state a claim for injunctive relief.

To state a claim under federal notice pleading standards, all the Complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "Although this does 'not require heightened fact pleading of specifics,' it does require the complaint to contain 'enough facts to state a claim to relief that is plausible on its face.' Killingsworth v. HSBC Bank Nevada, --- F.3d ----, 2007 WL 3307084 *3 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)(other citations omitted). The Seventh Circuit reads Bell as "'saying only that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8.'" Id., *quoting* Airborne Beepers, 499 F.3d at 663, 667 (7th Cir. 2007). Plaintiff's pro se status entitles him to a liberal construction of his pleadings. Kaba v. Stepp, 458 F.3d 678, 687 (7th Cir. 2006).

Even affording a liberal construction of the Complaint and Plaintiff's response, the Court agrees with Defendant that injunctive relief is not available. Assuming for the sake of argument that Plaintiff has alleged a violation of his federal rights, injunctive relief is not available for past misconduct or for the feared future misconduct of rogue government

employees.  See City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983)(that plaintiff had been illegally choked by police in past did not establish a "real and immediate" threat that he would be illegally choked in the future); Rizzo v. Goode, 423 U.S. 362, 372-373 (1976)(fear of what "small, unnamed minority of policemen might do" did not confer standing for injunctive relief); Sierakowski v. Ryan, 223 F.3d 440, 443 (7th Cir. 2000)("a plaintiff in search of prospective equitable relief must show a significant likelihood and immediacy of sustaining some direct injury"). Standing to pursue injunctive relief arises from a "'real and immediate'" danger of constitutional injury "as the result of the challenged official conduct." City of Los Angeles, 461 U.S. at 102 (quoted cite and other citations omitted).

     Plaintiff sets the date of occurrences from 1992 to July 1997, but does not give fair notice of what misconduct is presently occurring, much less how that misconduct might be attributable to the FBI.  His Complaint seems to reference the same misconduct set forth in his 2005 case.  His response to the motion to dismiss also speaks of past events:  the occurrences in Washington State happened in 2000 (when he was falsely accused of being a mafia informant); the FBI's "snitching" accusation

regarded something that happened in 1992. (Complaint ¶ 9). [1] Further, Plaintiff's request for an injunction that the FBI stop "saying [he] is an informant" is too vague and broad to be enforceable. See Fed. R. Civ. P. 65(d); Marseilles Hydro Power, LLC v. Marseilles Land and Water Co., 299 F.3d 643, 646 (7th Cir. 2002)(Rule 65(d) "requires that any injunction . . . be detailed and specific . . . .").

That Plaintiff states no claim for injunctive relief, however, does not necessarily mandate dismissal of the Complaint if he seeks other relief that is available. See Bontkowski v. Smith, 305 F.3d 757, 762 (7th Cir. 2002)(a plaintiff's failure to specify relief to which he or she is entitled "would not warrant dismissal under rule 12(b)(6) . . . ."). However, it seems clear to the Court that Plaintiff seeks only injunctive relief, not money damages. (d/e 9, "I am not seeking a financial settlement. I am only requesting injunctive relief, asking the court to issue an injunction against the FBI."). He does not name any individuals as defendants, as would be necessary to pursue a *Bivens* action, FDIC v. Meyer, 510 U.S. 471, 485-486 (1994), nor does he seek to pursue an FTCA claim against the U.S.,

---

[1] Plaintiff cites "CISPES v. FBI" to support his claim for injunctive relief, but gives no cite. (d/e 9). The court did find a Fifth Circuit case named CISPES v. FBI, 770 F.2d 468 (5th Cir. 1985), but that case involved a challenge to the constitutionality of a federal statute.

even though those avenues were brought to his attention by the FBI's motion to dismiss.[2] Accordingly, the Court believes dismissal of the complaint is mandated. See Bontkowski, 305 F.3d at 762 (if plaintiff wants improper relief "or nothing, . . . complaint must be dismissed").

WHEREFORE, the Court RECOMMENDS that Defendant's Motion to Dismiss be granted (d/e 6).

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:    December 3, 2007

s/ Byron G. Cudmore
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court is not asserting that Plaintiff actually has a meritorious *Bivens* claim. The dissemination of false information *by itself* arguably does not amount to an injury of Constitutional magnitude, if that is Plaintiff's claim. See, e.g., Atwell v. Lisle Park Dist., 286 F.3d 987, 993 (7th Cir. 2002)("defamation [alone], a tortious injury to reputation, is not a constitutional tort . . ."). Similarly, the Court is not asserting that Plaintiff has a meritorious FTCA claim that he can pursue. See 28 U.S.C. Section 2680(h)(no FTCA claim for libel, slander, deceit and other listed intentional torts); 28 U.S.C. Section 2675(a)(exhaustion required before FTCA claim can be filed in court).